IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2026 JAN 21 P 3: 24

~~~~~~~~~ CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

RONALD MAYS and
MARION MAYS,

Plaintiffs,

v.

Case No.: 2:26-cv-00042-BL-JTA
___

HOMEPLACE HOMEOWNERS ASSOCIATION, INC.;
TERRY MORG AN; TAYE NICHOLS; DeWayne BROWN;
SHEILA BROWN;
CRAIG CLEMENTS;
TODD STEVENS;
SHERRI GEORGE,

(Jury Trial Demanded)

Defendants.

## COMPLAINT

## I. PARTIES

1. Plaintiffs Ronald Mays ("Mr. Mays") and Marion Mays ("Mrs. Mays") are citizens of the United States and African-American. They reside in the Homeplace subdivision in Prattville, Autauga County, Alabama.
2. Defendant Homeplace Homeowners Association, Inc. ("HOA") is an Alabama non-profit corporation responsible for enforcing the protective covenants, conditions, and restrictions (CC&Rs) in the Homeplace subdivision.
3. Defendant Terry Morgan is a Board Member of the HOA.
4. Defendant Taye Nichols is a Board Member of the HOA.
5. Defendant DeWayne Brown is a Board Member of the HOA.
6. Defendant Sheila Brown is the HOA manager and/or Board Member responsible for rule enforcement.
7. Defendant Craig Clements is a resident and HOA Director who engaged in conduct supporting selective enforcement.
8. Defendant Todd Stevens is a resident and builder who benefited from selective enforcement.
9. Defendants Sherri George are Commitee member(s) who engaged in racially discriminatory actions towards Plaintiffs.

)

10. Non-party witness Mike Wilson, City of Prattville Building Inspector, observed inconsistent application of rules in the subdivision and may provide testimony regarding enforcement.

## II. JURISDICTION AND VENUE

11. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) & (4) (civil rights), and supplemental jurisdiction under 28 U.S.C. § 1367 for related state-law claims.
12. Declaratory and injunctive relief are authorized pursuant to 28 U.S.C. §§ 2201–2202.
13. Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Autauga County.

## III. FACTUAL ALLEGATIONS

14. On or about (July 6, 2016), Plaintiffs purchased and moved into a home in Homeplace subdivision, using a private lender for financing.
15. Plaintiffs are the only Black residents in the subdivision. Other families moved in later, but none were subjected to the same investigations or scrutiny by the HOA Board.
16. Board Members Terry Morgan and Taye Nichols conducted "deep dive" investigations on Plaintiffs, questioning neighbors and making disparaging remarks about Plaintiffs' identity, thereby invading their privacy and denying Plaintiffs quiet enjoyment of their home.
17. Plaintiffs received multiple warning letters regarding minor infractions, such as walking their dog, parking in front of their home or parking in the green space behind their, Garage open or not allowing a rock garden or a vegetable garden; while non-Black residents were allowed to violate the same rules without consequence. One Resident-s dog actually bit a neighbor and no correspondence of notices of any kind were sent to thie dog-s owner.
18. In September 2022, Dr. King, another Black resident, had the police called on him by HOA affiliates while performing a lawful activity. This demonstrates racial targeting. A suspicious black man standing in front of his house; and Police were summoned to Plaintiff's residence as Sherri George informed the Police Department that a Stolen Car was behind Plaintiff's home;
19. In April 2025, Plaintiffs were threatened with a fine for parking temporarily in front of their house while other board members consistently violated parking and green space rules without consequence (See Exhibits 1–3).
20. Plaintiffs were singled out for enforcement of HOA covenants regarding property aesthetics, foundation elevation, and assessments, whereas non-Black residents— including board members and builder Todd Stevens—violated similar rules without enforcement.



21. Plaintiffs' requests for legal review of HOA assessments were met with threats, retaliation, and selective enforcement.
22. The HOA filed a state court complaint for injunctive relief against Plaintiffs in September ___, 2025, claiming noncompliance with protective covenants despite Plaintiffs' property being well-maintained and comparable violations by non-Black residents being ignored. While white residents were late or non payors of HOA fees (more than $35,000 owed), The HOA has never filed a lawsuit to collect from these white residents;
23. Defendants' actions created emotional distress, humiliation, and financial harm to Plaintiffs, interfering with their right to enjoy their property equally.

## IV. CAUSES OF ACTION

### Count I – Violation of 42 U.S.C. § 1982 (Racial Discrimination in Property Rights)

24. Plaintiffs re-allege all preceding paragraphs.
25. Defendants interfered with Plaintiffs' right to purchase, hold, and enjoy property on equal terms due to race. See Jones v. Alfred H. Mayer Co., 392 U.S. 409 (1968); Sullivan v. Little Hunting Park, Inc., 396 U.S. 229 (1969).
26. Selective enforcement, discriminatory investigations, and threats of foreclosure demonstrate intentional racial discrimination.
27. Plaintiffs seek compensatory and punitive damages, declaratory relief, and injunctive relief.

### Count II – Violation of 42 U.S.C. § 1983 / Equal Protection (Selective Enforcement)

28. Plaintiffs re-allege all preceding paragraphs.
29. Defendants acted under color of law via HOA authority and municipal enforcement, depriving Plaintiffs of equal protection. See West v. Atkins, 487 U.S. 42 (1988); Yick Wo v. Hopkins, 118 U.S. 356 (1886).
30. Non-Black residents were treated differently under similar circumstances.
31. Plaintiffs seek compensatory, punitive, and injunctive relief.

### Count III – Retaliation / 42 U.S.C. § 1981

32. Plaintiffs re-allege all preceding paragraphs.

3

33. Defendants retaliated against Plaintiffs for asserting rights under HOA contracts and opposing discriminatory practices. See American Alliance for Equal Rights v. Fearless Fund, 103 F.4th 765 (11th Cir. 2024).

34. Plaintiffs seek compensatory and punitive damages, and injunctive relief.

## Count IV – Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985(3))

35. Plaintiffs re-allege all preceding paragraphs.

36. Defendants conspired to deprive Plaintiffs of civil rights through coordinated enforcement and selective application of HOA rules.

37. Plaintiffs seek compensatory and punitive damages, and injunctive relief.

## Count V – Invasion of Privacy / Defamation (Alabama Law)

38. Plaintiffs re-allege all preceding paragraphs.

39. Defendants publicly disparaged Plaintiffs and reported false information to authorities. See Restatement (Second) of Torts §§ 652B–D.

40. Plaintiffs seek compensatory and punitive damages.

## Count VI – Intentional Infliction of Emotional Distress (Alabama Law)

41. Plaintiffs re-allege all preceding paragraphs.

42. Defendants' conduct was extreme, outrageous, and intentionally inflicted severe emotional distress. See Green Wells Prod. Co. v. Watkins, 773 So.2d 766 (Ala. 2000).

43. Plaintiffs seek compensatory and punitive damages.

## Count VII – Breach of Fiduciary Duty (Alabama Law)

44. Plaintiffs re-allege all preceding paragraphs.

45. Defendants, as HOA fiduciaries, breached duties by selectively enforcing rules, threatening foreclosure, and allowing board members to violate covenants.

46. Plaintiffs seek compensatory and punitive damages.

4

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

1. Declaratory judgment that Defendants' conduct violates 42 U.S.C. §§ 1981, 1982, 1983 and state law;
2. Permanent injunctive relief prohibiting selective enforcement and requiring uniform HOA rule enforcement;
3. Compensatory and punitive damages; $2,500,000 from the HOA $1,000,000 per defendant personally;
4. Attorney's fees and costs under 42 U.S.C. § 1988;
5. Pre- and post-judgment interest;
6. Any other relief the Court deems just and proper.

## VI. JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

## VII. EXHIBIT INDEX    *TO BE PROVIDED @ LATER DATE*

| Exhibit No. | Description | Date (if known) | Notes / Placeholder |
|---|---|---|---|
| Exhibit 1 | HOA warning letter re: dog walking | ___ | Blank to insert letter |
| Exhibit 2 | HOA warning letter re: parking | ___ | Blank to insert letter |
| Exhibit 3 | Photos of board members' boats/RVs violating covenants | ___ | Blank to insert photos |
| Exhibit 4 | State court complaint filed against Plaintiffs | ___ | Blank to insert document |
| Exhibit 5 | Roof installation correspondence / stop-work order | ___ | Blank to insert documents |
| Exhibit 6 | Other HOA correspondence or evidence supporting selective enforcement | ___ | Blank for additional exhibits |

Dated: 21 JAN 2026

Respectfully

Ron Mays, Pro Se
1006 Saddle Ridge
Prattville Alabama 36066
cityacctg@hotmail.com
3344-414-4629

1006 Saddle Ridge
Prattville, AL 36066
334-462-4202

6